Van Brunt, P. J.
The questions involved in this appeal seem to be embraced within the denial of the motions to dismiss the complaint.
The claim made upon the part of the appellants is that Thomas De Fino, the plaintiff who commenced this action, *482 was not the owner of the property upon which the sheriff committed the trespass mentioned in the complaint, nor was he in possession thereof.
It is admitted that the nephews of the plaintiff were in possession, and the question is whether they were shown to be the real owners by such evidence as was conclusive upon, the court.
The evidence shows that the property was bought and paid for by the plaintiff, Thomas De Fino. It also shows that he bought the store to put his nephews in the same, and that they carried on the business there.
It is to be observed that the process under which the sheriff justified, did not run against the plaintiff or his nephews, but against the previous owner of the property.
The question arising upon the evidence is whether the plaintiff transferred the title of this property, or simply allowed the nephews to make, a living out of it.
It appears that the plaintiff was a priest of the Eoman Catholic church, and that he had taken care of the nephews since they were babies.
Upon his direct examination he testified that he bought the store to put his nephews in—that he gave it to his nephews to work there.
Upon' cross-examination he stated in answer to the question:
Q. Did you go into possession of the store or your nephews for you ?
A. I gave it to my nephews.
And again:
Q. Did you present it to the nephews as soon as you bought it ?
A. Yes, sir; I made them a present immediately; I do not need it for my own person.
One of the nephews in his examination speaks of the inventory when he bought the store. He is also asked a question in which the words “ After you bought out Jaffe ” occur. And also in some places he speaks of the store as “my store.” And upon this evidence the defendant claims that his motion to dismiss should have been granted.
It appears that the plaintiff was a foreigner, unaccustomed to the use of the English language, and the learned court, in submitting the case to the jury, charged them that they might look beyond the literal words employed and ascertain his real meaning from all he said.
The whole course of his examination shows that he endeavored to have it understood that he bought the store in order that his nephews might make a living, and that he never intended to part with the title to the property.
He testified that he bought the place so that his nephews *483 could live and conduct themselves honestly, and live honestly and respectably; and further, that he bought it for the benefit of.his two nephews.
The nephews swear that the store belonged to the uncle, and that he put them in the business, and that with the profits to support the family; and that when there were profits they sent some home and kept others only for a living.
From all this evidence the jury had a right to determine whether the uncle had made an actual present of the store to his nephews or not; and the mere fact that expressions were used in the course of the trial inconsistent with the uncle’s ownership did not deprive them of this right, as there was sufficient other evidence to justify a verdict that the uncle owned the property. He had bought it and paid for it, and the presumption was that he owned it.
The expression by one of the nephews, “my store,” means nothing evidently, as every clerk is accustomed to speak of his or our store without pretending that he has' any title to the same.
In view of the fact that the process under which the sheriff justifies did not run against the nephews, no possible motive is disclosed for attempting to claim the title to the property in the uncle rather than the nephews’ unless the fact was so.
There seems to have been ample evidence to sustain the verdict of the jury, and the judgment appealed from should be affirmed, with costs.
Bartlett and Lawrence, JJ., concur.